# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JASON BABB                                                                    PETITIONER


v.                              NO. 5:10CV00025 JMM/HDY


RAY HOBBS, interim Director of the                                      RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

On August 25, 2006, a Garland County, Arkansas, Circuit Court jury convicted petitioner Jason Babb ("Babb") of murder in the first degree and sentenced him to thirty-five years in the custody of the Arkansas Department of Correction, the interim Director of which is respondent Ray Hobbs ("Hobbs").  Babb appealed his conviction.[1] The Arkansas Court of Appeals found no reversible error and affirmed his conviction in an opinion filed on March 19, 2008.  See Babb v. State, 2008 WL 726807 (Ark.App. 2008).[2]

On April 15, 2008, Babb filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.[3]  His petition was denied on May 9, 2008, and he did not appeal the denial of his petition.

_____

[1]

On appeal, Babb advanced the following claims:

... there was insufficient evidence supporting his conviction, the trial court erred in denying his motion to suppress certain seized evidence; the court erred in denying his motion to suppress his custodial statement; the court erred in excluding testimony that he was willing to take a polygraph test; the court erred in denying his motion to quash the jury panel; and the court erred in denying his motion to reduce his sentence.

See Babb v. State, 2008 WL 726807 at 1 (Ark.App. 2008).

[2]

Hobbs represents, and appears to be correct, that the opinion filed by the state Court of Appeals on March 19, 2008, was actually a substituted opinion filed in connection with the denial of Babb's petition for rehearing.  See Babb v. State, 2008 WL 376285 (Ark.App. 2008).

[3]

In the petition, Babb advanced the following claims: (1) there was no direct evidence that he committed the murder; (2) the State of Arkansas spoiled a drop of blood found at the crime scene, thereby preventing him from having an independent test conducted of it; (3) in any event, the State of Arkansas refused to pay for any independent testing of the blood that remained; (4) evidence used to convict him was obtained pursuant to an invalid search warrant; (5) the jury was all-white; and (6) there were numerous errors committed by the state Court of Appeals during his direct appeal.

On February 1, 2010, Babb commenced this proceeding.  He did so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, which he later amended.[4]

Hobbs responded to the amended petition and maintained that this proceeding was time barred.  He maintained that the one year limitations period commenced on March 20, 2008, the day on which the state Court of Appeals issued its mandate in Babb's direct appeal and thus concluded the direct review of his conviction.[5]  Although Hobbs acknowledged that the one year period was tolled during the pendency of Babb's petition for post-conviction relief, Hobbs maintained that the one year period re-started on May 9, 2009, the day on which the trial court denied the petition.  He maintained that the one year period expired before Babb commenced the proceeding at bar on February 1, 2010.  Hobbs specifically calculated the number of days in the following manner:

---

[4]

In his amended petition, Babb advanced the following claims: (1) the prosecution failed to timely produce a copy of the victim's death certificate; (2) the State of Arkansas spoiled a drop of blood found at the crime scene, thereby preventing Babb from having an independent test conducted of it; (3) the shoes presented to the jury were not the shoes removed from the vehicle; (4) the jury was all-white; (5) his motion for new trial was erroneously denied; (6) evidence used to convict him was obtained pursuant to an invalid search warrant; and (7) the testimony of two witnesses was inconsistent and was inconsistent with an affidavit offered in support of a search warrant.

[5]

Hobbs discounted the use of any later date as triggering the commencement of the one year period, specifically noting the following:

> … The petitioner does allege that he only received the victim's death certificate on April 16, 2009, that he did not receive the death certificate through his discovery motions, and that possession of the certificate would have been helpful to his defense.  However, the petitioner does not allege that he exercised due diligence to obtain the death certificate or that it was somehow unavailable prior to trial, so … 2244(d)(1)(D) does not apply here either.

See Document 16 at 4.

… the time counted towards the limitations period includes:

the 26 days which elapsed between the affirmance of the mandate on March 20, 2008, and the filing of the Rule 37 petition, as well as

the 633 days which elapsed between the denial of the Rule 37 petition and the filing of the instant habeas corpus petition.

The instant petition was therefore filed 659 days after the limitations began to run, well outside the one-year limitation period.

See Document 16 at 5.

The undersigned briefly reviewed the record.  It was determined that before giving serious consideration to Hobbs' assertion that this proceeding was time barred, Babb should be, and in fact was, invited to file a reply.

Babb thereafter filed a reply in which he addressed Hobbs' assertion that this proceeding was time barred.  Babb first maintained that the one year limitations period did not commence with the issuance of a mandate by the state Court of Appeals in his direct appeal.  Instead, he maintained that the one year period commenced on the day on which he obtained through the exercise of due diligence a copy of the victim's death certificate, a document that Babb apparently requested prior to the trial but that the prosecution failed to produce.  Alternatively, Babb maintained that a fundamental miscarriage of justice occurred and that he is actually innocent of the offense for which he was convicted.  Accordingly, he maintained that limitations should not bar the consideration of the claims advanced in his petition.

28 U.S.C. 2244(d) provides that a state prisoner has one year within which to challenge a state court conviction by means of a petition pursuant to 28 U.S.C. 2254.[6] If he does not file his petition within that one year period, it is forever barred.

Babb does not, and cannot, dispute Hobbs' calculation of the number of days that should be counted toward the expiration of the one year limitations period if 28 U.S.C. 2244(d)(1)(A) is applicable.    Babb maintains, however, that 2244(d)(1)(A) is not applicable.  Instead, he maintains that 28 U.S.C. 2244(d)(1)(D) is applicable because it was not until April 16, 2009, that he discovered through the exercise of due diligence the factual predicate of one of his claims, that being, his claim that the prosecution failed to disclose exculpatory evidence in the form of the victim's death certificate.  For the reasons that follow, the undersigned finds that 2244(d)(1)(D) is not applicable but that 2244(d)(1)(A) is the appropriate provision.

---

[6]

28 U.S.C. 2244(d)(1) identifies the events that trigger the commencement of the one year period. It commences from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As a preliminary matter, the undersigned notes that the victim's death certificate only relates to one of Babb's claims in the petition at bar, that being, his claim that the prosecution failed to disclose exculpatory evidence in the form of the death certificate. The death certificate does not relate to any of Babb's other claims in the petition.  He was aware of the other claims by no later than the conclusion of his trial and, in fact, raised them in the direct appeal of his conviction and/or in his petition for post-conviction relief.  Thus, it appears that he is attempting to obtain consideration of all his claims by linking them to the prosecution's failure to disclose exculpatory evidence in the form of the victim's death certificate.

Setting aside the foregoing concern, 2244(d) provides that the one year limitations period commences on the latest of several dates, one of which is the date on which "the factual predicate of the claim … could have been discovered through the exercise of due diligence."   See 28 U.S.C. 2244(d)(1)(D).   The factual predicate of a claim constitutes the "vital facts underlying [the] claim."  See Earl v. Fabian, 556 F.3d 717, 725 (8th Cir. 2009) [citation and internal quotations omitted].  2244(d)(1)(D) does not convey a "statutory right to an extended delay … while a habeas petitioner gathers every possible scrap of evidence that might … support his claim," and "[a] desire to see more information in the hope that something will turn up differs from the factual predicate of a claim … for purposes of 2244(d)(1)(D)."  See Id. at 726 [citations and internal quotations omitted].

Babb represents that prior to his trial, he requested that all relevant documentary evidence be produced.  He maintains that the prosecution failed to disclose exculpatory evidence in the form of the victim's death certificate and that Babb only obtained the death certificate after his trial through the exercise of due diligence.  There are at least two problems with his assertion.  First, Babb knew, or should have known, of the prosecution's failure to disclose the death certificate by no later than the conclusion of his trial.  Granted, he did not know the contents of the death certificate, including the notation that the time of the victim's death was "unknown," but a desire to see more information in the hope that something will turn up differs from the factual predicate of a claim.  Accordingly, the undersigned finds that Babb knew, or should have known, of the factual predicate of this claim by no later than the conclusion of his trial.

Second, Babb has failed to show why it took him so long to obtain a copy of the victim's death certificate.  Babb was convicted on August 25, 2006.  He represents that he did not obtain a copy of the death certificate until April 16, 2009, or approximately thirty-two months after he was convicted.  Why this length of time between his conviction and obtaining a copy of the death certificate, and why did he only obtain a copy of the death certificate on April 16, 2009?  The undersigned has no idea as he has not offered an answer to either question.  It would seem that had he truly exercised due diligence, he could have obtained a copy of the death certificate–a document that should have been relatively simple to obtain–in a more timely fashion.

-8-

On the basis of the foregoing, the undersigned finds that 2244(d)(1)(D) is not applicable but that 2244(d)(1)(A) is the appropriate provision.  Applying 2244(d)(1)(A) to Hobbs' unrebutted calculation of the number of days that should be counted toward the expiration of the one year limitations period, a calculation that included tolling the one year period during the pendency of Babb's petition for post-conviction relief, the one year period expired before Babb commended the proceeding at bar on February 1, 2010.  It should therefore be dismissed unless he can show some justification for tolling the one year period or otherwise ignoring its application.

In Finch v. Miller, 491 F.3d 424 (8th Cir. 2007), the Court of Appeals outlined the circumstances that justify the tolling of the one year limitations period.[7]  The undersigned has thoroughly examined Babb's submissions and can find nothing in them to justify tolling the one year period.  In short, he has not shown that he has been diligently pursuing his rights but that some extraordinary circumstance beyond his control stood in his way and prevented him from filing a timely petition pursuant to 28 U.S.C. 2254.

---

[7]

The circumstances are as follows:

"To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." ... "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." ... "Equitable tolling is an exceedingly narrow window of relief." ...

See Id. at 427-428.

Notwithstanding the foregoing, Babb maintains that a fundamental miscarriage of justice occurred and that he is actually innocent of the offense for which he was convicted. He therefore maintains that limitations should not bar the consideration of the claims advanced in his petition. Assuming, without deciding, that actual innocence will excuse the untimely commencement of a proceeding pursuant to 28 U.S.C. 2254, he has not come forward with new evidence of factual innocence.[8]

Accordingly, the undersigned recommends that this proceeding, and Babb's petitions, be dismissed because they are time barred. All requested relief should be denied, a certificate of appealability should be denied, and judgment should be entered for Hobbs.

DATED this ___3___ day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8]    Babb maintains that the medical examiner testified that the victim died at a specific time but that her death certificate provides that the time of her death was "unknown." Babb maintains that the time of her death was important because of "the circumstantial connection between that time and the time that [a] surveillance tape at [a] convenience store showed a vehicle passing by," a vehicle that was vaguely similar to a vehicle allegedly loaned to Babb by a "jilted girlfriend." See Document 2 at 8. Babb maintains that the death certificate would have been helpful in cross-examining the medical examiner and police officers and that the death certificate "would have made the difference between a conviction and an acquittal ..." See Document 2 at 3. Given the other evidence of Babb's guilt, though, see Babb v. State, 2008 WL 726807 at 2-4, the death certificate is not the critical piece of evidence that he believes it to be.